IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

TIMOTHY CARR                                                          PETITIONER

VERSUS                                          CIVIL ACTION NO. 2:07cv86 KS-MTP

RONALD KING, et al.                                                  RESPONDENTS

<u>MEMORANDUM OPINION</u>

This matter is before the Court, *sua sponte*, for consideration of the dismissal of this cause.  Petitioner Timothy Carr files this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.  After reviewing the petition and the responses, giving them the liberal construction as required by <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), the Court has come to the following conclusion.

Since the petitioner failed to file his writ of habeas corpus in the proper form, he was ordered [4] on May 1, 2007, to amend his habeas petition and complete the form used to file a habeas request pursuant to 28 U.S.C. § 2254.  The petitioner submitted the completed form [5] on May 10, 2007.  The petitioner was further directed by order [6] filed June 18, 2007, to state whether he had any petition, motion or appeal pending in any court challenging his conviction. The petitioner filed a response [7] filed June 22, 2007, stating that he does not have any petition or other pleadings pending in any court.   The only ground for relief presented by the petitioner is that his motion for a reasonable bail pending a direct appeal was denied by the Mississippi Supreme Court and Court of Appeals without reason which he argues violates his constitutional rights.  (Pet. [5] p.6).

<u>Analysis</u>

It is clear that a petition for habeas relief filed pursuant to  28 U.S.C. § 2254 is not cognizable unless there has been a deprivation of some right secured to the petitioner by the

Constitution or the laws of the United States. <u>Trussell v. Estelle</u>, 699 F.2d 256, 259 (5th Cir.),

<u>cert. denied</u>, 464 U.S. 853 (1983) (federal court may entertain an application for a writ of habeas

corpus from a person in state custody only on the ground that he is in custody in violation of the

United State Constitution or laws of the United States.).  The petitioner's only ground for habeas

relief is that he should be granted a reasonable bail pending his direct appeal of his state criminal

conviction.  As discussed below, the petitioner's direct appeal is no longer pending before the

Mississippi Supreme Court and Court of Appeals and therefore, his request for habeas relief has

become moot.

A criminal defendant's constitutional claim to pretrial bail clearly becomes moot once he

is convicted.  <u>Murphy v. Hunt</u>, 455 U.S. 478 (1982).  The same is true once the direct appeal of

the criminal conviction is decided.  <u>See Id.</u>  The petitioner in the instant habeas civil action states

that his appeal to the Mississippi Court of Appeals and the Mississippi Supreme Court was

decided on May 8, 2007, and is no longer pending.  <u>See</u> <u>Carr v. State</u>, ____ So.2d ____, 2007

WL 1334377 (May 8, 2007).  Therefore, since his appeal has been decided, petitioner's request

for bail while his direct appeal is pending has been rendered moot.  Consequently, this petition is

denied.

<u>Conclusion</u>

As previously discussed, the Court finds that petitioner has failed to present a ground

upon which habeas relief can be granted.  Therefore, it is denied without an evidentiary hearing

and is hereby dismissed with prejudice.

A Final Judgment in accordance with this Memorandum Opinion shall issue this date.

THIS the 17th  day of September, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE